## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **MARIE SMITH** | ) | Case Number: 2:10-cv-14584 |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | **AMENDED CIVIL COMPLAINT** |
| | ) | |
| **STILLMAN LAW OFFICES** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant** | ) | |

### AMENDED COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Marie Smith, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP and Joseph Bernwanger, Esquire complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Marie Smith, is an adult natural person and she bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Plaintiff resides in this District and the Defendant conducts business in the District.

### III.  PARTIES

4.      Plaintiff, Marie Smith, is an adult natural person residing at 2710 Lacota Road, Waterford, Michigan 48328.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Stillman Law Offices ("Defendant"), at all times relevant hereto, is and was a law office engaged in the business of collecting debt within the state of Michigan with a primary office located at 7091 Orchard Lake Road, Suite 270, West Bloomfield, MI 48322.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.      In or around the month of May, 2010, Plaintiff started to receive calls from Defendant in regards to a debt allegedly owed on a Chase account.

8.      Defendant stated that they were collecting approximately $5,500.00 from the Plaintiff on this delinquent account.

9.      During that same time, Plaintiff informed the Defendant that she had retained the services of the law firm Persels & Associates, LLC and that they should call their firm directly in this matter.

10. Plaintiff continued to receive calls from the Defendant.

11. On or about May 25, 2010, Persels sent a "cease and desist" letter to the Defendant.  **See Exhibit "A" (letter) attached hereto**.

12. Defendant continued to call and try to collect from Plaintiff throughout the months of May and June, 2010.

13. On or about July 8, 2010, Persels sent a second (2nd) "cease and desist" letter to the Defendant.  **See Exhibit "B" (letter) attached hereto**.

14. On or about August 30, 2010, Plaintiff received a call from Defendant and asked them again to call Persels on this matter.

15. Plaintiff was again told that Defendant would not call or deal with Persels and that the Plaintiff needed to work with Defendant directly.

16. Any and all contact with the Plaintiff after knowledge that they are represented by an attorney is a violation of The Fair Debt Collection Practices Act.

17. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

20. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c): | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |

    §§ 1692e(10):  Any false representation or deceptive means to collect a debt or obtain information about a consumer

    §§ 1692f:  Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendant, Stillman Law Offices, for the following:

  a.  Actual damages;

  b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

  c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  d.  Such additional and further relief as may be appropriate or that the interests of justice require.

### V. <u>JURY DEMAND</u>

  Plaintiff hereby demands a jury trial as to all issues herein.

                                                **Respectfully submitted,**

**Date:  October 20, 2010**        **BY: _/s/ Brent F. Vullings_**
                                               Brent F. Vullings, Esquire

                                               Brent F. Vullings, Esquire
                                               Warren & Vullings, LLP
                                               1603 Rhawn Street
                                               Philadelphia, PA  19111
                                               215-745-9800    Fax 215-745-7880
                                               Attorney for Plaintiff

                                               **BY: _/s/ Joseph Bernwanger_**
                                               Joseph Bernwanger, Esquire

                                               Joseph Bernwanger, Esquire
                                               Attorney at Law
                                               407 E. Grand River Ave.
                                               Howell, MI 48843
                                               Attorney for Plaintiff